# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2761-23

AILUN XIN,

 Plaintiff-Respondent,

v.

LI TAN,

 Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided July 16, 2025

Before Judges Sumners and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1523-20.

Li Tan, appellant pro se.

The Law Offices of Andrew Dressell, LLC, attorneys for respondent (Andrew J. Dressel, on the brief).

PER CURIAM

 This matter returns to us after we held that defendant's direct appeal of a $950,000 default judgment was improper because he failed to move before the

trial court to vacate the default judgment under Rule 4:50-1. Ailun Xin v. Li Tan, No. A-2292-21 (App. Div. Aug. 3, 2023) (slip op. at 4-5). Following our instruction, defendant filed a motion with the trial court to vacate the default judgment and the court's order allowing substituted service. The motion was denied.

In a statement of reasons appended to its denial order, the trial court stated it would not address the nonsensical arguments and exhibits attached to the motion and the personal attacks on plaintiff and her attorneys. The court found there was no basis for defendant's claim that the default judgment was obtained by fraud upon the court, noting that this was the third time defendant challenged the substituted service of the summons and complaint by email. Substituted service by email was permitted to an email address defendant had provided to Rutgers University, where he was attending while living in New Jersey. Defendant's email asked the university not to provide his address to plaintiff so he could avoid service of her complaint. The court also rejected defendant's assertion of newly discovered evidence showing service was improper. Lastly, the court stressed that defendant admitted actual notice of the lawsuit by receiving the summons and complaint by email.

Defendant appeals, contending:

ARGUMENT I

GRANTING OF EX-PARTE MOTION FOR SUBSTITUTE SERVICE BY EMAIL WAS CLEARLY ERRONEOUS.

ARGUMENT II

DE NOVO REVIEW DEMONSTRATES EMAIL SERVICE ON A FOREIGN DEFENDANT IS INAPPROPRIATE.

ARGUMENT III

DE NOVO REVIEW DEMONSTRATES SPECIFIC JURISDICTION IS IMPROPER ON THE DEFENDANT.

ARGUMENT IV

DE NOVO REVIEW DEMONSTRATES FRAUD UPON THE COURT.

We conclude defendant's arguments are without sufficient merit to warrant discussion beyond these brief comments.  R. 2:11-3(e)(1)(E).  We review a motion to vacate a final judgment or order under Rule 4:50-1 for abuse of discretion.  257-261 20th Ave. v. Roberto, 259 N.J. 414, 436 (2025); see also BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021).  "A court abuses its discretion 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Parke Bank v. Voorhees Diner

Corp., 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024)).

As best we can decipher from defendant's submissions, he sought to vacate the default judgment and the substituted service order under Rule 4:50-1's subsection b – certain newly discovered evidence; subsection c – fraud; and subsection d – the judgment or order is void. Applying our standard of review, we conclude none of defendant's arguments warrant vacation of the judgment or the order allowing substituted service. We affirm primarily based on the trial court's statement of reasons.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2761-23